# CIRCUIT COURT OF BALTIMORE CITY

Filed February 20, 1893.

## MOST REVEREND JAMES GIBBONS

### VS.

## WILLIAM BECKER.

*Gans & Haman* for plaintiff.

*Bryan & Rich and Henry Lingenfelder* for defendant.

DENNIS, J.—

The plaintiff is the owner of St. Leo's Church, situated at the south-east corner of Exeter and Stiles streets, and of the dwelling immediately adjacent thereto on the southeast on Exeter street, which is now and since 1880 has been used as a dwelling house for the priest of the parish of said church. The said parish priest, Father Andreis, and who is the tenant of the said parsonage, is also joined as plaintiff.

Immediately adjacent to this parsonage, on the southeast, is a house owned by the defendant. This house, until quite recently, was used solely as a dwelling house, and had upon the southeasternmost portion of its lot an open space which was used as a garden: but upon its purchase by the defendant in April, 1892, he erected upon this open space a shed built of corrugated iron—extending back the entire depth of the lot—and he uses this shed, in connection with other parts of his dwelling house, in pursuit of his trade as a cooper, dealing in and repairing old barrels. These barrels, which are thrown out upon the sidewalk in front of his shop, and afterwards stored in his cellar and under the shed, formerly contained lard, whiskey, vinegar, coal oil, fish, glucose and other substances; and the plaintiffs claim that the offensive smells arising therefrom, and more especially the loud and continued hammering upon these empty barrels with the wooden hammers used in taking off and putting on the hoops, bungs, &c., and which noise continues almost without intermission from early in the morning until about five o'clock in the evening, constitutes a nuisance which renders it impossible for the said priest to prosecute his studies and calling, causes him great annoyance and physical discomfort and distress, and will wholly destroy the value of the dwelling of the plaintiff for ordinary residential purposes, if allowed to continue: and therefore he asks for an injunction to restrain the continuance of the alleged nuisance. The defendant denies that there is any such smell or noise arising from the prosecution of his business as amounts to a nuisance; and upon this issue a great mass of testimony has been taken.

I think the plaintiff has failed to establish that offensive smells, to an extent to cause serious physical discomfort (for there has been no at-

tempt to prove that these smells are injurious to health) proceed from the defendant's stock of barrels; but he has abundantly proved that the continual noises are of a character to make the prosecution of the defendant's business a nuisance, under the circumstances of this case.

Whether noises, smells, and the like physical discomforts arising from the prosecution of a commendable and necessary trade or business will be treated as constituting a nuisance depends not only upon the character and degree of these discomforts, but is largely a question of the locality in which the business or trade is conducted.

The principle is that one must so use his own property as not to interfere with the proper use or enjoyment by his neighbor of his.

There are numerous places where a noisy or noxious trade can be carried on without detriment or discomfort to other people; but such a business, if productive of serious physical discomfort or annoyance to the neighborhood, will not be allowed to be introduced into a residential section. It is true that the noise or other cause of complaint must be of a character to seriously affect the comfortable enjoyment of a man's home, or the peace and health of his family. If the noise is only slight and the inconvenience merely fanciful, producing no serious or substantial discomfort, a Court of Equity will take no cognizance of it. But in this case, it did not need the testimony of the numerous residents in the square which has been given in behalf of the plaintiff to establish the fact, that the daily continuous hammering upon empty barrels with wooden hammers from early morning until evening, on a lot immediately adjoining the plaintiff's residence, must have been productive of a noise absolutely destructive of his comfort, and peace of mind or body. Now, I take it to be well settled law that no one has a right to introduce a trade or business, so seriously interferring with his neighbor's comfortable enjoyment of his own home, into a dwelling neighborhood. 12 Centr. Reporter 377; Broder vs. Saillard, L. R. 2 Ch. Div. 692; Ball vs. Ray, L. R. 8 Ch. App. 471.

That this was strictly a dwelling section of the city, there can be no doubt. Every house on the east side of the street, as well as upon the north side, was a dwelling, with the exception of a wagon yard, with a stable on the rear, on the east side of the square, and two grocery shops — one at the north and the other at the south end of the west side of Exeter street, with a drug store at the lower corner. But these were, with the exception of the stable yard, shops for the convenience of the neighborhood, and in no way disturbant of the peace and comfort of the neighborhood.

I will sign a decree enjoining the defendant from so conducting his business as to produce the noises complained of.

J. UPSHUR DENNIS.